**Case No. 23-1196**
IN THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT
UNITED STATES OF AMERICA, *et al.*
*Qui Tam Relators – Appellants*
v.
ALLSTATE INSURANCE CO., *et al.*
*Defendants – Appellees*

---

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
**SOUTHERN DIVISION**

**Originating District Court Case No. 2:19-cv-11615**

---

OPENING BRIEF OF DEFENDANT-APPELLEE,
INSURANCE SERVICES OFFICE, INC.

---

Robert C. Folland (0065728)
BARNES & THORNBURG LLP
41 S. High St. Suite 3300
Columbus, Ohio 43215
Phone: (614)-628-1429
Fax: (614)-628-1433
rob.folland@btlaw.com
*Attorney for Defendant-Appellee*

## STATEMENT OF CORPORATE AFFILIATES AND FINANCIAL INTEREST

Pursuant to 6th Cir. R. 26.1, Appellee Insurance Services Office, Inc. makes the following disclosure:

1. Is said party a subsidiary or affiliate of a publicly owned corporation? If the answer is YES, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

   Insurance Services Office, Inc. is a subsidiary of Verisk Analytics, Inc. (VRSK), a publicly owned corporation.

2. Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome?

   No, other than the above-identified interest of Verisk Analytics, Inc. (VRSK).

   */s/ Robert C. Folland*
   Robert C. Folland (0065728)

# TABLE OF CONTENTS

STATEMENT OF CORPORATE AFFILIATES AND FINANCIAL INTEREST ii

TABLE OF AUTHORITIES ........................................................................v

RESPONSE TO STATEMENT REGARDING ORAL ARGUMENT ...................1

STATEMENT OF JURISDICTION........................................................2

STATEMENT OF ISSUES PRESENTED FOR REVIEW ......................................3

STATEMENT OF THE CASE......................................................................4

SUMMARY OF THE ARGUMENT ...................................................................10

ARGUMENT ........................................................................................13

      I. STANDARD OF REVIEW……………………………….........…………13

          A. MOTION TO DISMISS……………………………….......…………13

          B. MOTION TO ALTER OR AMEND JUDGMENT OR RELIEF
          FROM JUDGMENT……………………….....………………………..14

      II. THE DISTRICT COURT CORRECTLY DISMISSED ALL
      CLAIMS AGAINST ISO BASED ON THE INSUFFICIENCY OF THE
      ALLEGATIONS OF THE SECOND AMENDED COMPLAINT…........15

          A. THE DISTRICT COURT CORRECTLY FOUND THAT
          COUNT I OF THE SECOND AMENDED COMPLAINT
          FAILED TO STATE A CLAIM AS TO ISO…....………………...15

              i. COUNT I CONTAINS NO ALLEGATIONS
              CONCERNING ISO…………………………………....…..17

              ii. RELATORS' LIMITED ALLEGATIONS
              REGARDING ISO ARE INSUFFICIENT TO
              STATE A CLAIM AGAINST ISO FOR A
              REVERSE FCA VIOLATION…………….………....………19

          B. THE DISTRICT COURT CORRECTLY FOUND
          THAT RELATORS FAILED TO ALLEGE ISO'S
          PARTICIPATION IN A CONSPIRACY TO VIOLATE
          THE FCA…………………………………………………………24

      III. THE DISTRICT COURT PROPERLY DISMISSED
      RELATORS' CLAIMS WITH PREJUDICE AND DENIED
      RELATORS' MOTION TO ALTER OR AMEND THE JUDGMENT…..34

      IV. THE THIRD AMENDED COMPLAINT DOES NOT
      FIX THE DEFICIENCIES THAT  PLAGUED THE SECOND
      AMENDED COMPLAINT……………………………...…………………41

V. THE DISTRICT COURT CORRECTLY DETERMINED
THAT RELATORS' FCA CLAIMS ARE BARRED
BY PUBLIC DISCLOSURE…………………………………………46

CONCLUSION ...........................................................................................48

CERTIFICATE OF COMPLIANCE ........................................................50

CERTIFICATE OF SERVICE.................................................................51

6 CIR. RULE 30(g)(1) ADDENDUM……………………………..…..52

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Armatas v. Aultman Health Foundation*,
 No. 5:19-cv-349, 2020 WL 1650841 (N.D. Ohio Mar. 27, 2020).........................18

*Estate of Barnwell v. Grigsby*,
 801 Fed.Appx. 354 (6th Cir. 2020)..........................................................15, 38

*Bates v. Green Farms Condominium Assoc.*,
 958 F.3d 470 (6th Cir. 2020) ...............................................................21

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544 (2007).........................................................................22

*Bickerstaff v. Lucarelli*,
 830 F.3d 388 (6th Cir. 2016) ............................................................22, 26

*United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*,
 342 F.3d 634 (6th Cir. 2003) ............................................................36, 37

*Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*,
 249 F.3d 519 (6th Cir. 2001) ...............................................................39

*Brumley v. United Parcel Serv., Inc.*,
 909 F.3d 834 (6th Cir. 2018) ...............................................................38

*U.S. ex rel. Dennis v. Health Mgmt. Assocs.*,
 No. 3:09-cv-00484, 2013 WL 146048 (M.D. Tenn. Jan. 14, 2013) ...........................11, 25, 26

*Directv, Inc. v. Treesh*,
 487 F.3d 471 (6th Cir. 2007) ............................................................13, 14

*U.S. ex rel. Dunn v. Procarent, Inc.*,
 615 F. Supp.3d 593 (W.D. Ky. July 20, 2022) ...........................................36, 37

*Fillinger v. Lerner Sampson & Rothfuss*,
 624 Fed.Appx. 338 (6th Cir. 2015).........................................................22

*U.S. ex rel. Griffith v. Conn*,
 117 F.Supp.3d 961 (E.D. Ky. 2015) .......................................................36

*United States ex rel. Harper v. Muskingum Watershed Conservancy Dist.*,
 842 F.3d 430 (6th Cir. 2016) ........................................................10, 16, 17

*U.S. ex rel. Hirt v. Walgreen Co.*,
 846 F.3d 879 (6th Cir. 2017) ..........................................................10, 16

*U. S. ex rel. Holbrook v. Brink's Co.*,
   336 F. Supp. 3d 860 (S.D. Ohio 2018) ...............................................28

*United States ex rel. Holloway v. Heartland Hospice, Inc.*,
   960 F.3d 836 (6th Cir. 2020) ..............................................................47

*United States ex rel. Ibanez v. Bristol-Myers Squibb Co.*,
   874 F.3d 905 (6th Cir. 2017) ........................................11, 17, 25, 28

*Jackson v. Radcliffe*,
   795 F.Supp. 197 (S.D. Tex. 1992) ...........................................25, 32

*U.S. ex rel. Jamison v. McKesson Corp.*,
   649 F.3d 322 (5th Cir. 2011) ..............................................................47

*Justice v. Petersen*,
   No. 21-5848, 2022 WL 2188451 (6th Cir. June 17, 2022)................12, 5, 37

*U.S. ex rel. Kreipke v. Wayne State Univ.*,
   No. 12-14836, 2014 WL 6085704 (E.D. Mich. Nov. 13, 2014)................27

*Leisure Caviar, LLC v. U.S. Fish and Wildlife Service*,
   616 F.3d 612 (6th Cir. 2010) ........................................................12, 40

*U.S. ex rel. Marlar v. BWXT Y-12, LLC*,
   525 F.3d 439 (6th Cir. 2008) ........................................................16, 25

*McCollum v. Jacobs Engineering Group, Inc.*,
   992 F.Supp.2d 680 (S.D. Miss. 2014).......................................25, 32

*Mich. Flyer LLC v. Wayne Co. Airport Auth.*,
   860 F.3d 425 (6th Cir. 2017) ........................................................38, 39

*In re Natural Gas Royalties Qui Tam Litig.*,
   562 F.3d 1032 (10th Cir. 2009) ..........................................................47

*Newberry v. Silverman*,
   789 F.3d 636 (6th Cir. 2015) ........................................................34, 35

*Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Serv. LLC*,
   700 F.3d 829 (6th Cir. 2012) ........................................12, 14, 35, 36

*Royal Truck & Trailer Sales and Service, Inc. v. Kraft*,
   974 F.3d 756 (6th Cir. 2020) ..............................................................14

*United States ex rel. Silingo v. WellPoint, Inc.*,
   904 F.3d 667 (9th Cir. 2018) ........................................................27, 28

*Tchankpa v. Ascena Retail Grp., Inc.*,
   951 F.3d 805 (6th Cir. 2020) ...........................................................................14

*U. S. v. Wal-Mart Stores E., LP*,
   No. 20-2128, 2021 WL 2287488 (6th Cir. June 4, 2021) ..........................................8

*U.S. v. HPC Healthcare, Inc.*,
   723 Fed.Appx. 783 (11th Cir. 2018) ..............................................................26

*U.S. v. Murphy*,
   937 F.2d 1032 (6th Cir. 1991) ....................................................................26

*Udoko v. Cozzens*,
   975 F.Supp.2d 750 (E.D. Mich. Sept. 27, 2013)...................................................22

*United States v. Mosley*,
   53 F.4th 947 (6th Cir. 2022) ......................................................................27

*U.S. ex rel. Wilkins v. N. Am. Const. Corp.*,
   173 F.Supp.2d 601 (S.D. Tex. 2001) ...............................................................27

*U.S. ex rel. Winkler v. BAE Systems, Inc.*,
   957 F.Supp.2d 856 (E.D. Mich. 2013)..............................................................26

*U.S. ex rel. Yannacopoulos v. General Dynamics*,
   652 F.3d 818 (7th Cir. 2011) .................................................................10, 30

**Statutes**

28 U.S.C. §1291 ............................................................................................2

28 U.S.C. §1331 ............................................................................................2

28 U.S.C. §1367 ............................................................................................2

31 U.S.C. §§3729, 3730(b) .................................................................................2

31 U.S.C. § 3729(a)(1)(c) .................................................................................24

31 U.S.C. § 3729(a)(1)(G) .................................................................................16

42 U.S.C. § 1395y .........................................................................................4

**RESPONSE TO STATEMENT REGARDING ORAL ARGUMENT**

Defendant-Appellee Insurance Services Office, Inc. ("ISO") files this response under Fed. R. App. P. 34(a)(1). As detailed herein, this matter involves the determination of the United States District Court for the Eastern District of Michigan (the "District Court") that Relators, MSP WB, LLC and Michael Angelo, have failed to state a claim for which relief can be granted against ISO or any of the other defendants (the "Insurer Defendants"), thereby dismissing Relators' claims with prejudice and denying Relators' requests for reconsideration or post-judgment amendment of the complaint.

ISO believes this is a case where the facts and legal arguments can be presented through briefing and via the record, with no need for oral argument. However, ISO recognizes that Relators have requested oral argument, and to the extent the Court determines oral argument would be helpful to the determination of this matter, ISO requests the opportunity to fully participate in any oral argument.

# STATEMENT OF JURISDICTION

Relators brought their complaint in the District Court pursuant to the False Claims Act ("FCA"), 31 U.S.C. §§3729 *et seq.* The District Court had jurisdiction over the matter pursuant to 28 U.S.C. §1331 and 31 U.S.C. §§3729, 3730(b). The District Court also had supplemental jurisdiction, while the federal question claims were pending, over the Relators' state-level FCA analog claims pursuant to 28 U.S.C. §1367. This Court has jurisdiction under 28 U.S.C. §1291, because the District Court entered final judgment in favor of ISO and the Insurer Defendants and Relators timely appealed.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

1. Whether the District Court properly dismissed Relators' claims against ISO for failure to state a claim.

2. Whether the District Court properly dismissed Relators' claims with prejudice when Relators did not seek leave to file a further amended complaint before the entry of judgment against them.

3. Whether the District Court properly denied Relators' motion to alter or amend the judgment seeking leave to file a further amended complaint after the entry of judgment against them.

4. Whether the additional allegations of Relators' proposed Third Amended Complaint, to the extent considered, cure the defects of Relators' prior allegations.

5. Whether the District Court properly dismissed Relators' claims under the public disclosure bar and properly denied Relators' motion for reconsideration of that dismissal.

## STATEMENT OF THE CASE

ISO is an insurance industry service provider that finds itself caught in Relators' line of fire directed at the Insurer Defendants. ISO is uniquely situated in this case because it is not an insurer, unlike each of the Insurer Defendants. Thus, unlike the Insurer Defendants, ISO will never have an obligation to reimburse the government, nor an obligation to report to the government. Second Amended Complaint, ECF No. 41[1], ¶¶ 4, 109, PAGEID # 1018, 1044.

Among its services to insurers, ISO maintains a database of insurance claim information submitted to it by insurers with over one billion claims on record. As part of its business, ISO allows insurers to access this database known as the ISO ClaimSearch database. This database covers insurance claims broadly and is not limited to claims involving Medicare or Medicaid beneficiaries. ISO also assists certain insurers with their obligations under Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 ("Section 111") to report to the Centers for Medicare and Medicaid Services ("CMS"). *See* 42 U.S.C. § 1395y.

Relator MSP WB, LLC and affiliated entities ("MSP") are, in their own words, a "collection agenc[y] that speacialize[s] in recovering funds on behalf of various actors in the Medicare Advantage System." Opening Brief of Appellants,

---

[1] The Second Amended Complaint, the operative complaint at the time of the District Court's dismissal of Relators' claims, was Relators' third attempt to state a claim in this case.

Doc. No. 57 ("Appellants' Brief"), at 14. Their business is suing insurance companies. In doing so, and in contravention of their contractual agreement with ISO, MSP used information from ISO ClaimSearch to manufacture suits against insurance companies. ISO Mot. to Dismiss, ECF No. 89, PAGEID # 2692, 2696. ISO, pursuant to its contractual right to do so, then cancelled its contract with MSP and terminated MSP's ability to access ISO ClaimSearch. *Id.*, PAGEID # 2697. Relators have not disputed that ISO had the right to cancel the MSP contract based on these terms. In fact, through the allegations of the Second Amended Complaint, MSP admits to breaching its agreement with ISO by improperly using information that it had accessed through ISO ClaimSearch. *See, e.g., id.*, PAGEID #2696-2697. However, once access was cutoff, MSP retaliated with numerous frivolous subpoenas, and ultimately this and many other lawsuits against ISO.

Multiple courts have noted that, as part of its litigation strategy, MSP "throws their allegations into as many federal courts as possible and see[s] what sticks." Opinion and Order Denying Motion to Alter or Amend Judgment Under Rule 59(e) or Relief From Judgment Under Rule 60(b), ECF No. 111, PAGEID # 3422 (quoting *MAO-MSP Recovery II, LLC v. State Farm Mut. Auto Ins.*, No. 1:19-cv-1537, 2019 WL 6311987, at *10 (C.D. Ill. Nov. 25, 2019), in turn quoting *MSP Recovery Claims, Series LLC v. N.T. Cent. Mut. Fire Ins.*, No. 6:19-cv-211, 2019 WL 4222654, at *6 (N.D.N.Y. Sept. 5, 2019)). In doing so, MSP regularly attempts to

use federal courts as "a sounding board [] to test various theories until they find one allowing the litigation to continue." *Id.* (quoting *MAO-MSO Recovery II, LLC*, 2019 WL 6311987 at *10).

This case follows that pattern. It was originally filed by Relator Michael Angelo on May 31, 2019 against three of the Insurer Defendants. Complaint, ECF No. 1, PAGEID # 1-66. Relators filed a First Amended Complaint in February 2021 that included additional Insurer Defendants. The then-named Insurer Defendants moved to dismiss the First Amended Complaint on April 30, 2021. Motion to Dismiss First Amended Complaint, ECF No. 28, PAGEID # 691-730. Among the arguments raised therein were that the claims asserted were prohibited by the public disclosure bar and insufficient under the heightened pleading standard of Rule 9(b). *See generally, id.* On June 7, 2021, Relator Angelo sought leave to file a Second Amended Complaint. Unopposed Motion to File a Second Amended Complaint, ECF No. 32, PAGEID # 739-747. That complaint was thereafter filed, and, on November 2, 2021, unsealed. *See generally* Second Amended Complaint. ECF No. 41, PAGEID # 1015-1087. The Second Amended Complaint added MSP WB, LLC as a Relator and added as defendants additional insurers and ISO. *Id.* The Second Amended Complaint asserted three claims against the Insurer Defendants and ISO—for a reverse FCA violation, for conspiracy to violate the FCA, and for state level false claims violations in California, Connecticut, Florida, Illinois, Massachusetts,

Michigan, New York, Ohio, Puerto Rico, Rhode Island, and Texas. *Id.*, PAGEID# 1073-1087.

The Insurer Defendants moved to dismiss the Second Amended Complaint on January 3, 2022, arguing that Relators' claims were prohibited by the public disclosure bar and insufficiently plead under Rule 9(b). *See generally* Insurer Defendants' Motion to Dismiss Second Amended Complaint, ECF No. 77, PAGEID # 1181-1238. The summons to ISO was issued on February 22, 2022, and when ISO filed its Motion to Dismiss on April 25, 2022, the Insurer Defendants' Motion to Dismiss was already fully briefed. *See, e.g.*, Summons, ECF No. 80, PAGEID # 1615-16; Insurer Defendants' Reply in Support of Motion to Dismiss, ECF No. 87, PAGEID # 2636-2667; ISO's Motion to Dismiss, ECF No. 89, PAGEID # 2677-2700. ISO's motion to dismiss incorporated the Insurer Defendants' arguments in full and further argued that the Second Amended Complaint's broad and conclusory allegations in Counts I (FCA violation) and III (state law false claims violations) failed as to ISO because neither included allegations against ISO. *See generally* ISO's Mot. to Dismiss, ECF No. 89, PAGEID # 2677-2700. ISO also asserted that Count II of the Second Amended Complaint failed to state a claim for conspiracy between ISO and the Insurer Defendants. *Id.*

The District Court first considered the public disclosure bar argument raised by the Insurer Defendants. On August 9, 2022, the District Court granted the Insurer

Defendants' Motion to Dismiss as to the alleged reverse FCA violations on that basis. *See generally* Opinion and Order Granting in Part Motion to Dismiss and Granting in Part Motion for Judicial Notice, ECF No. 102, PAGEID # 2947-2980. Relators sought reconsideration of that order, which was denied. *See generally* Motion for Reconsideration, ECF No. 103, PAGEID # 2981-3000; Order Denying Motion for Reconsideration, ECF No. 104, PAGEID # 3001-3005.

On January 19, 2023, the District Court resolved all claims as to ISO and the remaining claims as to the Insurer Defendants. Opinion and Order Granting Defendant Insurance Services Office's Motion to Dismiss and Dismissing Case, ECF No. 106, PAGEID # 3007-3022. The District Court granted ISO's Motion to Dismiss, finding that the Second Amended Complaint (1) failed to plead any facts specific to ISO as to its reverse FCA violation claim (Count I), and (2) did not meet the heightened Fed. R. Civ. P. 9(b) standard for ISO's purported involvement in a conspiracy to violate the FCA (Count II). *Id.* at PAGEID #3011, 3017, 3020. As a result, the District Court also dismissed Count II of the Second Amended Complaint as to the Insurer Defendants. Finally, with all federal question claims dismissed, the District Court declined to exercise supplemental jurisdiction over Relators' state-law claims. *Id.*, PAGEID #3020-3022.[2] The District Court entered judgment dismissing

---

[2] Relators do not assert any error in the District Court's dismissal without prejudice of Relators' claims for purported state level false claims violations based on its determination not to exercise supplemental jurisdiction over them following its

Relators' federal question claims with prejudice and their state-law claims without prejudice. Judgment, ECF No. 107, PAGEID # 3023.

In an attempt to take a *fourth* bite at the apple, Relators then filed a Motion to Alter or Amend Judgment or for Relief from Judgment. This was a motion for reconsideration in disguise, asking the District Court to convert its dismissal with prejudice of Counts I and II of the Second Amended Complaint to a dismissal without prejudice and to then permit the filing of a proposed Third Amended Complaint.[3] Mot. to Alter Judgment, ECF No. 110, PAGEID #3037-3038, 3060. The District Court upheld its decision by denying Relators' attempt to seek reconsideration of its decision, noting that Relators had not sought leave to amend prior to the entry of judgment against them and further stating that "there is simply no reason, under either Rule 59(e) or Rule 60(b), to justify affording the Relators '[y]et another opportunity to cure deficiencies in [their] allegations.'" Order Denying Mot. to Alter Judgment, ECF No. 111, PAGEID #3422, 3423. Relators now bring this appeal, seeking review of the District Court's orders granting the Insurer

---

dismissal with prejudice of Relators' asserted claims arising under federal law. *See generally* Appellants' Brief. Given that, and because, as outlined herein, the District Court properly dismissed Relators' claims arising under federal law, the dismissal without prejudice of Relators' claims for purported state level false claims violations was not in error and is not further addressed herein.

[3] The proposed Third Amended Complaint, which Relators only sought to file after the dismissal of their claims and the entry of judgment against them, would have been Realtors' fourth attempt to state a claim in this action.

Defendants' and ISO's Motions to Dismiss, and denying Relators' requests for reconsideration of both orders. Not. of Appeal, ECF NO. 112, PAGEID #3424.

## SUMMARY OF THE ARGUMENT

All of the determinations of the District Court challenged by Relators should be affirmed. The District Court correctly determined that: 1) the Second Amended Complaint failed to state a claim as to ISO; 2) the claims against ISO should be dismissed with prejudice; 3) Relators failed to provide any sufficient basis to convert the dismissal of the claims against ISO to a dismissal without prejudice or to allow Relators to file the Third Amended Complaint; 4) the Third Amended Complaint fails to correct the deficiencies of the Second Amended Complaint; and 5) the public disclosure bar prohibits Relators' claims.

First, the Second Amended Complaint failed to state a claim as to ISO. An FCA claim must allege with particularity specific, knowingly false claims made with the aim of avoiding an obligation to the government. *U.S. ex rel. Hirt v. Walgreen Co.*, 846 F.3d 879, 880-81 (6th Cir. 2017); *United States ex rel. Harper v. Muskingum Watershed Conservancy Dist.*, 842 F.3d 430, 436 (6th Cir. 2016); *U.S. ex rel. Yannacopoulos v. General Dynamics*, 652 F.3d 818, 832 (7th Cir. 2011). The Second Amended Complaint alleges no statement by ISO to anyone and no facts from which ISO's knowledge of any false statement can be inferred. Rather, it vaguely claims that ISO had some undefined role in assisting the Insurer Defendants

with Section 111 reporting and that the Insurer Defendants' Section 111 reporting was purportedly inaccurate. Second Amended Complaint, ¶¶ 120, 184, 244, ECF No. 41, PAGEID # 1046, 1063, 1073. The deficiency of these allegations is compounded by contradictory allegations concerning the Insurer Defendants' responsibility for, and primary role in, Section 111 reporting. *Id.*; *see also id.*, ¶¶ 109, 184-189, PAGEID # 1044, 1063-1064. Such allegations fail to state a claim.

A claim for conspiracy to violate the FCA requires factual allegations to show "when, where or how the alleged conspiracy occurred" and sufficient to show "an agreement was made *in order to* violate the FCA." *U.S. ex rel. Dennis v. Health Mgmt. Assocs.*, No. 3:09-cv-00484, 2013 WL 146048, at *17 (M.D. Tenn. Jan. 14, 2013); *U.S. ex rel. United States ex rel. Ibanez v. Bristol-Myers Squibb Co.*, 874 F.3d 905, 917 (6th Cir. 2017) (emphasis added). Relators present nothing of the sort. Instead, Relators make vague and conclusory allegations that ISO conspired with the Insurer Defendants and somehow facilitated inaccurate Section 111 reporting, and allege that ISO terminated a contract with MSP that had allowed MSP to view data stored in ISO ClaimSearch. Second Amended Complaint, ¶¶ 3, 7, 190-197, ECF No. 41, PAGEID # 1018-19, 1064-65. Those allegations do not, and cannot, sufficiently allege the when, where or how of a conspiratorial agreement to violate the FCA.

Second, dismissal of Relators' claims with prejudice was appropriate. It has long been this Court's "default rule [] that if a party does not file a motion to amend

or a proposed amended complaint in the district court, it is not an abuse of discretion for the district court to dismiss the claims with prejudice." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Serv. LLC*, 700 F.3d 829, 844 (6th Cir. 2012) (emphasis added) (internal citation omitted). Just last year this Court affirmed a dismissal with prejudice because the plaintiff failed to seek leave to amend the complaint prior to the entry of judgment. *Justice v. Petersen*, No. 21-5848, 2022 WL 2188451, at *4 (6th Cir. June 17, 2022). Relators do not claim to have sought leave to amend prior to the entry of judgment against them, and, accordingly, the District Court appropriately dismissed Relators' claims with prejudice.

Third, having correctly dismissed Relators' claims with prejudice, the District Court correctly denied Relators' efforts to alter, amend, or reconsider its judgment against them. Leave to amend is <u>not</u> freely permitted after judgment. *Leisure Caviar, LLC v. U.S. Fish and Wildlife Service*, 616 F.3d 612, 615 (6th Cir. 2010). Instead, a party seeking leave to amend after judgment must meet the "narrow grounds for obtaining post-judgment relief under Rules 59 and 60." *Id.* at 616. Relators did not do so and do not even argue that they did.

Fourth, Relators' proposed Third Amended Complaint, ECF No. 110-1, PAGEID # 3063-3160, to the extent the Court considers it, does not cure the deficiencies that plagued the Second Amended Complaint. It offers no new allegations as to any purported false statement by ISO. Nor does it contain any facts

to plausibly support ISO's purported knowledge of any false statement, relying instead on the same deficient exemplars as the Second Amended Complaint. It still contains contradictory allegations regarding ISO's role in assisting the Insurer Defendants with Section 111 reporting and the Insurer Defendants' responsibility for and primary role in Section 111 reporting. Third Amended Complaint, ¶¶ 63, 117, 197, 228, 234, 244, 303, ECF No. 110-1, PAGEID # 3086, 3100, 3120, 3127, 3128, 3131, 3144. It still fails to include any factual allegations regarding the who, what, when, or where of the purported conspiracy between ISO and the Insurer Defendants, and cannot fix the fundamental flaw that the only purported "overt act" by ISO in support of the alleged conspiracy was ISO's exercise of its legal right to cancel its contract with MSP. *Id.*, ¶¶ 244-256, PAGEID # 3131-33.

Fifth, Relators' claims are prohibited by the public disclosure bar. Relators' allegations here are substantially the same allegations made in prior failed lawsuits brought on behalf of the United States, and merely "feed off" those claims. They are thus prohibited.

## ARGUMENT

### I.   Standard of Review

#### A. Motion to Dismiss

A trial court's granting of a Rule 12(b)(6) motion to dismiss is reviewed *de novo*. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Golden v.*

*City of Columbus*, 404 F.3d 950, 958 (6th Cir. 2005)). As a result, in reviewing a motion to dismiss at the appellate level, as it was below, the complaint will be construed "in the light most favorable to the plaintiff, accept[ing] its allegations as true, and draw[ing] all reasonable inferences in favor of the plaintiff." *Id.* (citing *Evans-Marshall v. Bd. of Educ.*, 428 F.3d 223, 228 (6th Cir. 2005)). Courts will then ask, "whether the complaint 'contain[s] sufficient factual matter … to state a claim to relief that is plausible on its face." *Royal Truck & Trailer Sales and Service, Inc. v. Kraft*, 974 F.3d 756, 758 (6th Cir. 2020) (internal citation omitted). However, on appeal, this Court "review[s] a district court's decision to dismiss a complaint with prejudice for an abuse of discretion." *Ohio Police & Pension Fund*, 700 F.3d at 844 (internal citation omitted).

### B. Motion to Alter or Amend Judgment or Relief from Judgment

Denials of motions to alter or amend judgment under Fed. R. Civ. P. 59(e) or for relief from a judgment or order under Fed. R. Civ. P. 60(b) are reviewed on appeal for an abuse of discretion. *Tchankpa v. Ascena Retail Grp., Inc.*, 951 F.3d 805, 811 (6th Cir. 2020). "An abuse of discretion occurs when the district court relies upon clearly erroneous findings of fact, improperly applies the governing law, or uses an erroneous legal standard." *Jones v. Caruso*, 569 F.3d 258, 265 (6th Cir. 2009). Appellate courts will find that an abuse of discretion has occurred only if

"there is a definite and firm conviction that the trial court committed a clear error of judgment." *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998).

II. **The District Court Correctly Dismissed All Claims Against ISO Based on the Insufficiency of the Allegations of the Second Amended Complaint**

    A. **The District Court Correctly Found that Count I of the Secod Amended Complaint Failed to State a Claim as to ISO**

The District Court specifically found that Count I of the Second Amended Complaint, for a so-called reverse FCA violation, failed to state a claim against ISO. The District Court engaged in a detailed analysis of all of Relators' factual allegations related to ISO in the Second Amended Complaint and why those allegations failed to sufficiently allege a reverse FCA violation as against ISO. Opinion and Order Granting ISO's Motion to Dismiss, ECF No. 106, PAGEID # 3010-3017. Relators do not contest that ruling on appeal, arguing only that the District Court erred in dismissing Count I of the Second Amended Complaint based on the public disclosure bar, or that, through the allegations of the Third Amended Complaint, Relators have sufficiently stated a claim against ISO for a reverse false claims violation. Appellants' Brief, at 26-48, 53, 62. By failing to present any argument concerning the sufficiency of the allegations in support of a reverse false claims act claim in the Second Amended Complaint, any argument of error on that basis is waived. *Estate of Barnwell v. Grigsby,* 801 Fed.Appx. 354, 372 (6th Cir.

2020) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (internal citation omitted).

Nevertheless, to the extent the Court considers this issue, it is clear that the District Court's holding that Count I of the Second Amended Complaint failed to state a claim as to ISO was correct and should be affirmed. The FCA provides for liability to anyone who (1) "knowingly . . . made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government"; or (2) "knowingly conceal[ed] or knowingly and improperly avoid[ed] or decrease[d] an obligation to pay or transmit money or property to the Government." 31 U.S.C. § 3729(a)(1)(G); *see also United States ex rel. Harper*, 842 F.3d at 436; (an actionable conspiracy claim requires both knowledge of an obligation to the government and knowingly attempting to avoid it). For each named Defendant, "pleading an actual false claim with particularity is an indispensable element of a complaint that alleges a FCA violation in compliance with Rule 9(b)." *U.S. ex rel. Bledsoe v. Community Health Systems, Inc.*, 501 F.3d 504, 523–24 (6th Cir. 2007) (affirming dismissal for failure to plead an actual false claim with particularity); *see also United States ex rel. Hirt v. Walgreen Co.*, 846 F.3d 879, 881 (6th Cir. 2017) (same). In short, there are two requirements for such a claim—"a false claim or statement and knowledge that the claim or statement is false." *U.S. ex rel. Marlar v. BWXT Y-12, LLC*, 525 F.3d 439, 447 (6th Cir. 2008) (internal citation omitted). This

is because "a fraudulent claim is the *sine qua non* of a False Claims Act violation." *Id.* (internal citation omitted).

To state a such a claim, relators must "state facts from which [defendant's] awareness of the alleged FCA violations may be inferred" and also "must comply with Rule 9(b)'s requirement that fraud be pled with particularity because defendants accused of defrauding the federal government have the same protections as defendants sued for fraud in other contexts." *Harper*, 842 F.3d at 436; *Ibanez*, 874 F.3d at 914 (internal citation omitted).

However, as the District Court recognized, "a complaint may not rely upon blanket references to acts or omissions by all of the defendants, because each defendant named in the complaint is entitled to be apprised of the circumstances surrounding the fraudulent conduct with which he individually stands charged." Opinion and Order Granting ISO's Motion to Dismiss, ECF No. 106, at PAGEID # 3014 (citing *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 643 (6th Cir. 2003)). As a result, Relators were specifically required to "allege some non-conclusory conduct by Defendant ISO that would give rise to liability under claim one. But they failed to do so." *Id.*

### i. Count I Contains No Allegations Concerning ISO

Relators failed to make a single specific allegation as to ISO within Count I of the Second Amended Complaint. *Id.* at PAGEID # 3013-3014 (noting Count I

references "Defendants" a total of nineteen times, the "Primary Plans [the Insurance Defendants]," once, and never mentions "ISO"). This alone should be enough for dismissal because "a complaint may not rely upon blanket references to acts or omissions by all of the defendants." *Id.* at PAGEID # 3014 (citing *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 643 (6th Cir. 2003)). Nor can the incorporation in Count I of the Second Amended Complaint of prior factual allegations therein by reference, save Count I because incorporation is not "a magical elixir that cures all defects." *Armatas v. Aultman Health Foundation*, No. 5:19-cv-349, 2020 WL 1650841, at *5 (N.D. Ohio Mar. 27, 2020).

In addition, as a factual matter, even though "Defendants" is a defined term in the Second Amended Complaint that includes ISO, many of the allegations therein as to "Defendants" could only possibly apply to insurers and not to ISO—which is the only non-insurer defendant. *See, e.g.*, Second Amended Complaint, ¶¶ 245, 248, 249, ECF No. 41, PAGEID # 245, 248, 249 ("their insureds, "its primary payer status," "their primary payer obligations"). Even now, Relators continue to use "Defendants" as synonymous with "Insurer Defendants" and excluding ISO. *See, e.g.*, Appellants' Brief, at 51 (referring to "ISO" and "Defendants" separately within the same sentence). Relators' allegations concerning "Defendants" cannot and do not support their claims against ISO.

### ii. Relators' Limited Allegations Regarding ISO Are Insufficient to State a Claim Against ISO for a Reverse FCA Violation

Even if the lack of allegations concerning ISO within Count I of the Second Amended Complaint were not fatal to that claim, Count I still fails because none of Relators' allegations related to ISO support a plausible reverse FCA violation. Relators fail to plead any specific claim or statement regarding a payment obligation to the government that was actually false or ISO's knowledge of the falsity of such a statement.

Relators never allege any specific statement at all. The closest they come to alleging a statement are two "exemplars," but neither identifies a false statement, nor ISO's knowledge of its falsity. The first "exemplar" fails to identify with specificity any false statement and fails to mention ISO at all. Second Amended Compl., ¶¶ 216-235, ECF No. 41, PAGEID # 1069-72. The second "exemplar" alleges that one of the Insurer Defendants "reported to ISO information regarding" a particular Medicare beneficiary and that, as a result, "Allstate was aware of the accident and its responsibility to reimburse" the plan, but thereafter failed to do so. Second Amended Complaint, Appendix B, ECF No. 41, PAGEID # 1089-90. There is also no allegation within the exemplar about if, when, how, or by whom any of this information was ever reported to the government, or when, how or by whom this

information should have been reported. *Id.* On that basis alone, this claim against ISO must fail.

Nor do the remaining allegations against ISO provide support for such a claim. As the District Court correctly noted, the allegations against ISO fall into three categories. The first are allegations that are nothing more than background facts about ISO and the services it generally offers its clients, that "merely explain the general corporate dealings of [] ISO." Opinion and Order Granting ISO's Motion to Dismiss, ECF No. 106, PAGEID # 3015. Among these allegations are that: ISO maintains a database of insurance claim information, ISO ClaimSearch, to which it limits access; that MSP had access to that database at one time; and that ISO assisted the Insurance Defendants with Section 111 reporting (but notably, there is no allegation as to when ISO purportedly did so, or what exactly ISO purportedly did to provide this assistance). *See, e.g.*, Second Amended Complaint, ¶¶ 56-58, 120, 190-191, ECF No. 41, PAGEID # 1032-33, 1046, 1064. These background facts, many of which are publicly available, "fail to ascribe any wrongdoing to ISO. [] They merely explain the general corporate dealings of [] ISO." Opinion and Order Granting ISO's Motion to Dismiss, ECF No. 106, PAGEID # 3015. Thus, these allegations, standing alone, are insufficient to state a plausible claim for relief regarding an FCA violation as against ISO.

The failure to make any factual allegations concerning ISO's purported role (*i.e.*, who, what, when, where) in assisting the Insurer Defendants with Section 111 reporting is all the more glaring in light of Relators' allegations that Insurer Defendants failed to gather all necessary information for the accurate reporting of claims and that Insurer Defendants remained responsible for, and continued to engage in, direct reporting to CMS. Second Amended Complaint, ¶¶ 4, 9, 10, 13, 15, 17, 121, 122, 171, 172, 178-189, 210-214, ECF No. 41, PAGEID # 1018-23, 1047, 1058, 1061-64, 1068-69. Relators recognized the weakness of these allegations as against ISO and tried to cover them up by adding statements in the Motion to Dismiss briefing that ISO "knowingly submitted inaccurate [Section 111] reports." Relators' Resp. to [Insurer] Defendants' Omnibus Motion to Dismiss Second Amended Complaint, ECF No. 86, PAGEID # 2105.[4] However, Relators purported to support this claim by **pointing to paragraphs of the Second Amended Complaint that contained no such allegations.** *Compare id.* (citing Second Amended Compl., ¶¶ 193, 256, ECF No. 41, PAGEID # 1064, 1076) and Second Amended Compl., ¶¶ 193, 256, ECF No. 41, PAGEID # 1064, 1076) (alleging Insurer Defendants' failure to report certain claims or "Defendants" submission of inaccurate claims).

---

[4] Of course, Relators' characterization of their allegations in briefing are irrelevant, what matters is what was plead, because Relators "cannot cure the deficiency by inserting the missing allegations in a document that is neither a complaint or an amendment to a complaint." *Bates v. Green Farms Condominium Assoc.*, 958 F.3d 470, 483 (6th Cir. 2020) (internal citation omitted).

The second category of allegations referencing ISO are conclusory allegations. These allegations are that ISO "facilitate[s]" the Insurer Defendants' "ability to operate in the shadows," "conspires with the Insurer Defendants by thwarting any investigation into deficient reporting practices," and "actively conceals" the Insurer Defendants' obligation to reimburse Government Healthcare Programs. *See, e.g.*, Second Amended Complaint, ECF No. 41, ¶¶ 3, 7, PAGEID # 1018, 1019. These are textbook examples of conclusory allegations, and thus none lend any support to plausibly stating a claim against ISO. *See, e.g., Bickerstaff v. Lucarelli*, 830 F.3d 388, 401 (6th Cir. 2016) (the allegation that defendants "facilitated" false statements against the plaintiff "is only a legal conclusion that is unsupported by specific allegations of falsity."); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) ("a bare assertion of conspiracy will not suffice" to state a claim); *Udoko v. Cozzens*, 975 F.Supp.2d 750, 774 (E.D. Mich. Sept. 27, 2013) ("mere conclusory allegations of conspiracy (i.e. a bare allegation that defendants 'conspired' with each other) are insufficient to state a claim."); *Fillinger v. Lerner Sampson & Rothfuss*, 624 Fed.Appx. 338, 341 (6th Cir. 2015) (finding that a "conclusory reference to active concealment does not meet the standing for pleading with particularity under Rule 9(b).").

A third category of allegations are those "that are unmoored from the FCA statute or that otherwise fail to show that [] ISO plausibly violated the Act." Opinion

and Order Granting ISO's Motion to Dismiss, ECF No. 106, PAGEID # 3016. Several of these allegations relate to the Insurer Defendants' purported liability, but not to ISO's knowledge thereof; or to alleged facts from separate lawsuits regarding ISO's purported role in Section 111 reporting for insures other than the Insurer Defendants. *Id.*

Beyond these general, conclusory, and irrelevant allegations, all that is left are Relators' allegations concerning ISO's contract with MSP and ISO's cancellation of that contract. Second Amended Complaint, ¶¶ 190-197, ECF No. 41, PAGEID # 1064-65. These allegations do not support any claims against ISO. As the District Court correctly found, at bottom, Relators' true gripe is merely that ISO will no longer let them access its database—specifically, that "ISO cancelled MSP's subscription and changed the terms of its subscription contracts to specifically preclude parties such as MSP … from using its data to pursue recovery or subrogation services and to protect its status as an industry leader in the interests of its clients." Opinion and Order Granting ISO's Motion to Dismiss, ECF No. 106, PAGEID # 3018. Even if that were taken as true (and it need not be), ISO's actions in cancelling a contract (which it was entitled to do) do not plausibly allege any false statement to the government or ISO's knowledge of any such false statement. Indeed, these allegations merely echo Relators' "exemplar" above in claiming that Relators were aware of claims the Insurer Defendants had reported to ISO but not to

the Government. Second Amended Complaint, ¶ 193, ECF No. 41, PAGEID # 1064. This neither identifies a specific false statement nor ISO's knowledge of one. The Second Amended Complaint failed to state a claim against ISO for an FCA violation and the District Court properly dismissed Count I on that basis.

## B. The District Court Correctly Found that Relators Failed to Allege ISO's Participation in a Conspiracy to Violate the FCA

Relators contest the District Court's conclusion that Relators failed to allege an FCA conspiracy claim against ISO, but fail to make any argument as to why the Second Amended Complaint sufficiently alleged such a claim. Appellants' Brief at 58 (claiming only, without support, that "Relators certainly believe that they have asserted a cause of action in Count II."). Instead, Relators argue only that the allegations of their proposed Third Amended Complaint state a viable FCA conspiracy claim as against ISO. *Id.* at 50, 58. Relators are wrong, as outlined below, and, in relying solely on the purported sufficiency of the Third Amended Complaint, acknowledge the insufficiency of the allegations of the Second Amended Complaint.

A civil conspiracy, including one under 31 U.S.C. § 3729(a)(1)(c), "is an agreement between two or more persons to injure another by unlawful action.'" Order Granting ISO's Mot. to Dismiss, ECF No. 106, PAGEID # 3018 (quoting *Hooks v. Hooks,* 771 F.2d 935, 943-44 (6th Cir. 1985)). What "must be shown is that there was a single plan, that the alleged co-conspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the

conspiracy that caused injury to the complainant." *Hooks,* 771 F.2d at 944. However, exercising a contractual right to terminate a contract cannot be an overt act in support of a conspiracy, nor support for participation in a conspiracy. *McCollum v. Jacobs Engineering Group, Inc.*, 992 F.Supp.2d 680, 691 (S.D. Miss. 2014) ("There is no actionable conspiracy … where all that is shown is the exercise in a lawful manner of a right to terminate a contract.") (internal citation omitted) (applying Alabama law); *Jackson v. Radcliffe*, 795 F.Supp. 197, 210 (S.D. Tex. 1992) ("lawful cancellation of a contract accomplished by lawful means is not evidence of an agreement to commit an unlawful act.") (applying Texas law).

To plead an FCA conspiracy, "it is not enough for relators to show there was an agreement that made it *likely* there would be a violation of the FCA; they must show an agreement was made *in order to* violate the FCA." *Ibanez*, 874 F.3d at 917 (dismissing conspiracy claim in the absence of a "specific statement showing the plan was made in order to defraud the government") (emphasis in original).

All of this is subject to a heightened pleading requirement. "Rule 9(b)'s heightened pleading standard applies to FCA claims of conspiracy to defraud the government." *U.S. ex rel. Dennis*, 2013 WL 146048, at *17 (citing *U.S. ex rel. Marlar*, 525 F.3d at 445 (6th Cir. 2008)). "Under Rule 9(b), general allegations of a conspiracy, without supporting facts to show when, where or how the alleged conspiracy occurred, amount to only a legal conclusion and are insufficient to state

a cause of action." *Dennis*, 2013 WL 146048 at *17 (citing *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106–07 (9th Cir. 2003)). This is in keeping with the general rule that allegations in support of a conspiracy claim "must be pled with some degree of specificity and [] vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim." *Bickerstaff v. Lucarelli*, 830 F.3d 388, 400 (6th Cir. 2016) (citing *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 563 (6th Cir. 2011)). Because the FCA does not define "conspires," courts have looked to general principles of civil conspiracy to evaluate its meaning. *See U.S. v. Murphy*, 937 F.2d 1032, 1038-39 (6th Cir. 1991).

A failure to identify "what acts were taken in furtherance of the conspiracy and when" or the "when, where or how" of a conspiracy is fatal to an FCA conspiracy claim. *U.S. ex rel. Winkler v. BAE Systems, Inc.*, 957 F.Supp.2d 856, 876 (E.D. Mich. 2013); *Dennis*, 2013 WL 146048, at *17 (dismissing conspiracy claim for failing to plead the "when, where or how" of a conspiratorial plan or any overt act committed in furtherance of that plan). A complaint fails to allege such a conspiracy when it "fails to identify the people from any of the [defendants] involved in the agreement or any specific facts that show an agreement to violate the [FCA]." *U.S. v. HPC Healthcare, Inc.*, 723 Fed.Appx. 783, 791 (11th Cir. 2018) (finding insufficient an allegation that "Defendants knowingly conspired" to violate the FCA). Similarly, when a relator "pleads no specific facts showing the existence of

an agreement or plan between [alleged conspirators] to defraud the government" and no "purported facts supporting the existence of any shared objective," dismissal of an FCA conspiracy claim is proper. *U.S. ex rel. Kreipke v. Wayne State Univ.*, No. 12-14836, 2014 WL 6085704, at *5 (E.D. Mich. Nov. 13, 2014).

Relators claimed below that this required particularity could be achieved through "circumstantial evidence," but their authority for that proposition involved specific and particularized factual allegations—namely a meeting on a specific day between the defendants and changes to pre-existing draft documents thereafter. Relators' Response to ISO's Motion to Dismiss, ECF No. 93, PAGEID # 2736-38 (citing *U.S. ex rel. Wilkins v. N. Am. Const. Corp.*, 173 F.Supp.2d 601, 641 (S.D. Tex. 2001)); *Wilkins,* 173 F.Supp.2d 601, 640-41 (S.D. Tex. 2001). Now, before this Court, Relators suggest that courts can make a "reasonable inference" of a conspiratorial objective based on allegations of conduct. Appellants' Brief, at 55. However, Relators' own authority, *United States v. Mosley*, 53 F.4th 947 (6th Cir. 2022), demonstrates that this does not diminish the obligation to allege specific, particularized facts to permit such an inference.

The *Mosley* case was a criminal prosecution for a drug conspiracy. This Court held that "knowing entry into a drug conspiracy may reasonably be inferred when a buyer repeatedly purchases … large quantities of drugs from a single seller" such as when a buyer purchased 7,650 individual doses of cocaine from a seller in two

weeks. *Id.* at 957. Similarly, Relators cite to *United States ex rel. Silingo v. WellPoint, Inc.*, 904 F.3d 667 (9th Cir. 2018), which also reflects the need for specific, particularized allegations of the role of each alleged conspirator and of actions taken in furtherance of the conspiracy. As *Silingo* noted, in a conspiracy in which "different actors [are] playing different parts, it is not enough to lump together the dissimilar defendants and assert that everyone did everything." *Id.* at 677 (internal citation omitted). *Silingo* found a conspiracy was adequately plead when an insider, with personal knowledge, alleged the use of specific software, in a specific manner, to exaggerate or fabricate specific medical diagnoses and other health information, such that specific data submitted to the government was facially inaccurate. *Id.* at 674-75.

In addition to all of the above, an FCA conspiracy claim also must be plausible and, like other FCA claims, must include "examples of specific false claims submitted to the government pursuant to that scheme." *Ibanez*, 874 F.3d at 914 (internal citation omitted). Furthermore, an FCA conspiracy claim also requires an underlying violation of the FCA. Thus the failure to sufficiently plead such an underlying violation is fatal to an FCA conspiracy claim. *See U. S. v. Wal-Mart Stores E., LP*, No. 20-2128, 2021 WL 2287488, at *3 (6th Cir. June 4, 2021); *U. S. ex rel. Holbrook v. Brink's Co.*, 336 F. Supp. 3d 860, 873–74 (S.D. Ohio 2018)

("Under the FCA, there can be no liability for conspiracy where there is no underlying violation of the FCA.") (quotation and internal citation omitted).

Here, Relators' claim for a conspiracy to violate the FCA (Count II) fails because Relators have failed to identify any specific false claims. The lack of any false statement by ISO is outlined above. Beyond that, there is no allegation of any false statement to the government, let alone a knowingly false one that was material to a payment obligation or any specific allegation of an inaccurate Section 111 report by the Insurer Defendants. *See generally* Second Amended Complaint, ECF No. 41, PAGEID # 1015-1087. That failure is as fatal to the FCA conspiracy claim as it is to the underlying FCA claim.

In addition, the conspiracy claim fails because, as the District Court correctly found, the Second Amended Complaint "provide[d] only skeletal allegations of fraud by [] ISO." Order Granting ISO's Mot. to Dismiss, ECF No. 106, PAGEID # 3018. Relators did not plead facts in the Second Amended Complaint to raise a reasonable inference that there was a shared conspiratorial plan between ISO and the Insurer Defendants in their Complaint to "conspire against the government." *Id.*, PAGEID #3019.

The Second Amended Complaint does not state with particularity (*i.e.*, who, what, when, where, how) any agreement between ISO and the Insurer Defendants to do anything—alleging only that Insurer Defendants "delegate reporting functions to

ISO" and "contract with ISO to satisfy their mandatory [Section 111] reporting responsibilities." Second Amended Complaint, ECF No. 41, ¶¶ 7, 120, PAGEID # 1019, 1046. However, there is no allegation as to when such agreements were reached, the terms of any such agreement, or what information is given to ISO by the Insurer Defendants, or any specific statement by ISO at any time. *See generally id.*, PAGEID # 1015-1087.

In substance, as noted by the District Court, Relators' primary theory is that, because ISO purportedly assisted the Insurer Defendants with their Section 111 reporting and because that Section 111 reporting purportedly contained errors, and those errors purportedly led to the Insurer Defendants withholding money from the Government, ISO must have conspired with the Insurer Defendants to "defraud the Government." Opinion and Order Granting ISO's Motion to Dismiss, ECF No. 106, PAGEID # 3018, 3019. That is not nearly enough.

First, an inaccurate statement (and Relators have failed to even identify any specific inaccurate statement) is not the same as a knowingly false statement. *U.S. ex rel. Yannacopoulos*, 652 F.3d at 832 ("[t]he False Claims Act does not penalize all factually inaccurate statements, but only those made with knowledge of their falsity."). There are no factual allegations in the Second Amended Complaint that would support ISO's knowledge of false statements.

Relators' allegations also lack the specificity present in their own cited authority. There is no allegation of specific changes in conduct following a specifically identified date, as was alleged in *Wilkins*. Unlike in *Mosley*, there is no alleged pattern of criminal actions (there, drug sales) in suspicious amounts from which a conspiratorial purpose could be clearly inferred, but instead an allegation of an agreement from one business to provide its ordinary and customary business services to another. The District Court was correct that this theory, and the skeletal allegations in support of it, "do not compel the inference that [] ISO conspired to commit fraud on the government." *Id.*, PAGEID # 3020.

Recognizing the fundamental deficiency in their theory that inaccurate Section 111 reporting was sufficient to allege a conspiracy, Relators tried to claim ISO had some role in "a system" created by the Insurer Defendants that could not reliably gather insureds' necessary information for Section 111 reporting. Relators' Resp. to [Insurer] Defendants' Omnibus Motion to Dismiss Second Amended Complaint, ECF No. 86, PAGEID # 2088 (citing Second Amended Compl., ¶ 175, ECF No. 41, PAGEID #1059-60). **However, Relators make no such allegation as to ISO, in Paragraph 175 or anywhere else in the Second Amended Complaint**.

Ultimately, once again, the crux of Relators' claims against ISO stems from its cancellation of its contract with MSP and its termination of MSP's access to ISO ClaimSearch. The only factual allegations concerning any action taken by ISO are

in relation to the cancellation of this contract. Second Amended Complaint, ¶¶ 190-197, ECF No. 41, PAGEID # 1064-65. Even now, Relators claim that "ISO cancelled MSP's contract and changed its user agreement in furtherance of, and to conceal, its conspiracy with [Insurer Defendants]." Appellants' Brief, at 55 (citing *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012), a case that has nothing to do with conspiracy at all). But, exercising a legal right to cancel a contract is not an overt act in furtherance of a conspiracy or evidence that supports a conspiratorial agreement. *McCollum v. Jacobs Engineering Group, Inc.*, 992 F.Supp.2d 680, 691 (S.D. Miss. 2014); *Jackson v. Radcliffe*, 795 F.Supp. 197, 210 (S.D. Tex. 1992).

As part of their factual allegations, Relators alleged ISO "cancelled MSP's subscription" and changed its contracts to "preclude parties such as MSP and MA Plans from using its data to pursue recovery or subrogation services." Second Amended Complaint, ¶ 195, ECF No. 41, PAGEID # 1064. These are the only specific allegations against ISO in support of the conspiracy claim. *Id.*, ¶ 256, PAGEID # 1076. But these allegations fail to support any claim against ISO.

Relators' allegations admit that MSP was using ISO ClaimSearch in a manner contrary to how it had agreed to use it. The agreement specifically provided that MSP "shall use the Products solely to provide services to insurance companies that are licensed by ISO…" and that it agreed not to disclose the confidential information learned as a result. *See* ISO's Motion to Dismiss, Exhibit 1, ECF No. 89-1, PAGEID

# 2703. ISO was permitted to cancel the contract upon the violation of any "term or condition" of the contract or for any reason with 180 days' notice. *Id.* Relators explicitly admit to breaching these terms by using the information to sue insurance companies, and they continue to violate the disclosure provision even now. Second Amended Compl., ¶¶ 192-194, ECF No. 41, PAGEID # 1064; Relators' Resp. to [Insurer] Defendants' Omnibus Motion to Dismiss Second Amended Complaint, Exhibit B, ECF No. 86-2, PAGEID # 2145-49 (attaching ISO ClaimSearch printout to publicly filed exhibit).

As a result, ISO had the legal right to cancel the contract. Relators have never claimed otherwise. The fact that ISO did so is neither factually surprising, nor legally significant. Thus, the District Court was correct that it would be required to "take several inferential leaps to conclude that the Relators sufficiently pleaded a conspiracy based on ISO's decision to cease its contractual relationship with MSP[.]" and correctly refused to do so. Order Granting ISO's Mot. to Dismiss, ECF No. 106, PAGEID # 3020.

Relators' allegations concerning ISO's purported participation in a conspiracy to violate the FCA are insufficient and fail to state a claim. Thus, the District Court properly dismissed that claim.

### III. The District Court Properly Dismissed Relators' Claims With Prejudice and Denied Relators' Motion to Alter or Amend the Judgment

Relators' argument for the sufficiency of their allegations is premised almost exclusively on allegations that Relators sought to make in the Third Amended Complaint. However, Relators never sought leave to file the Third Amended Complaint prior to the District Court's dismissal of their claims. Thus, the District Court appropriately dismissed Relators' claims with prejudice. The District Court then appropriately denied Relators' Motion to Alter or Amend Judgment, seeking leave to file the Third Amended Complaint following the dismissal with prejudice of Relators' claims (and thus reconsideration of that dismissal) because Relators failed to demonstrate their entitlement to such relief under Rule 59 or Rule 60.

As a result, the Court need not even consider the propriety of Relators' proposed allegations in the Third Amended Complaint. The Court should affirm the decision below to deny the Relators' Motion to Alter or Amend Judgment, rejecting the Third Amended Complaint. Having done so, for the reasons outlined above, the Court should affirm the District Court's dismissal with prejudice of Relators' claims based on the insufficiency of the Second Amended Complaint

Dismissal with prejudice is routine and entirely appropriate. Relators cite a single case from this Court, *Newberry v. Silverman*, 789 F.3d 636 (6th Cir. 2015), for the proposition that "[d]ismissal with prejudice and without leave to amend is

not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." Appellants' Brief at 56 (citing *Newberry,* 789 F.3d at 646. But *Newberry* does not stand for such a sweeping proposition. *Newberry* held only that it was error to dismiss a complaint with prejudice when, in support of his opposition to the motion to dismiss, the plaintiff filed a 10-page affidavit that "goes into significantly greater detail regarding Silverman's alleged fraud than the complaint does in its current form." *Newberry,* 789 F.3d at 646. Thus, *Newberry* stands only for a modest and common-sense proposition—that when a plaintiff articulates prior to dismissal specific additional facts that, if alleged, would make a complaint viable, dismissal should be without prejudice. Relators offer no other authority from this Court to suggest that dismissal with prejudice is inappropriate.

In contrast, this Court has repeatedly held, including after *Newberry* and as recognized by the District Court, that "a 'district court's dismissal of a complaint with prejudice' is proper when the prosecuting party 'd[oes] not seek leave to amend or file a proposed amended complaint." Opinion and Order Denying Motion to Alter or Amend Judgment Under Rule 59(e) or Relief From Judgment Under Rule 60(b), ECF No. 111, PAGEID # 3420 (citing *Justice v. Petersen*, No. 21-5848, 2022 WL 2188451, at *4 (6th Cir. 2022)). In so holding in *Justice*, this Court reaffirmed a significant volume of authority that had consistently held that "<u>our default rule is that if a party does not file a motion to amend or a proposed amended complaint in</u>

the district court, it is not an abuse of discretion for the district court to dismiss the claims with prejudice." *Ohio Police & Fire Pension Fund*, 700 F.3d at 844 (emphasis added) (internal citation omitted).

Relators offer no contrary authority to this rule. Instead, Relators cite two trial court cases that granted dismissal without prejudice. Appellants' Brief, at 56 (citing *U.S. ex rel. Griffith v. Conn*, 117 F.Supp.3d 961 (E.D. Ky. 2015) and *U.S. ex rel. Dunn v. Procarent, Inc.*, 615 F. Supp.3d 593 (W.D. Ky. July 20, 2022)). Both of these decisions, neither of which was tested on appeal, misapply this Court's holdings on when dismissal should be without prejudice. Regardless, even if those decisions were proper, the fact that those dismissals were without prejudice does not compel the conclusion that granting dismissal with prejudice was error in this case.

*Griffith* relied on *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634 (6th Cir. 2003) for the proposition that " (1) whether the inadequately plead claims should be dismissed with or without prejudice depends on whether Relator had sufficient notice that his amended complaint was deficient, and (2) if so, whether Relator had an adequate opportunity to cure the deviancies." *Griffith v. Conn*, 117 F.Supp.3d at 988 (citing *Bledsoe*, 342 F.3d at 644). However, as this Court later noted, "*Bledsoe* was an unusual case because the district's court's final order gave plaintiff notice, for the first time, that a heightened pleading standard applied to his claims. […] By contrast, in this case, there are no extenuating circumstances

justifying a departure from the principle that it is not the district court's role to initiate amendments." *Ohio Police and Fire Pension Fund*, 700 F.3d at 844 (internal citation omitted). *Dunn* also relied on *Bledsoe* and also noted that the motion to dismiss at issue was the first motion to dismiss filed in the case and that the relators in that case did request leave to file an amended complaint in their response brief, and granted dismissal without prejudice on that basis, even though this Court has held that "[a] bare request for amendment in an opposition to a motion to dismiss does not constitute a motion to amend." *Dunn*, 615 F.Supp.3d at 625; *Justice*, 2022 WL 2188451, at *3-*4.

The District Court correctly noted that Relators failed to seek leave to amend prior to the dismissal of the Second Amended Complaint, either through a motion or even through a "bare request" for leave in their opposition briefs. Opinion and Order Denying Motion to Alter or Amend Judgment Under Rule 59(e) or Relief From Judgment Under Rule 60(b), ECF No. 111, PAGEID # 3421. Even now, Relators cannot point to any such request prior to the District Court's dismissal with prejudice of the Second Amended Complaint and the entry of judgment against them. *See generally* Appellants' Brief. Nor do Relators point to any "extenuating circumstances" under which this case would not be subject to the "default rule" that dismissal with prejudice is not error in the absence of a pre-dismissal request for

leave to amend. *Id.* Thus, the District Court did not err in dismissing the Second Amended Complaint with prejudice.

Nor did the District Court err in denying Relators' Motion to Alter or Amend Judgment. The Motion to Alter or Amend Judgment was purportedly brought under Fed. R. Civ. P. 59 and 60, but was in actually simply a motion for reconsideration, and in their brief Relators reference Fed. R. Civ. P. 59 only in a single perfunctory paragraph and fail to reference Fed. R. Civ. P. 60 at all. Appellants' Brief, at 61; *see generally id.* Thus, any argument for error under Rules 59 or 60 is waived. *Estate of Barnwell,* 801 Fed.Appx. at 372 ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to … put flesh on its bones.") (internal citation omitted).

To the extent the Court even considers any argument that the District Court should have granted the Motion to Alter or Amend Judgment under Rule 59 or Rule 60, such an argument clearly fails. A Rule 59(e) motion to alter or amend a judgment can be granted if there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Mich. Flyer LLC v. Wayne Co. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017) (internal citation omitted). However, such a motion is not to "[b]e used to relitigate old matters, or to raise arguments or present evidence that could have been

raised prior to the entry of judgment." *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018) (internal quotation omitted); *see also Leishure Caviar*, 616 F.3d at 616 (a district court does not abuse its discretion when denying a Fed. R. Civ. P. 59 motion due to delay resulting from a failure to incorporate previously available evidence). If parties were entitled to reargue their positions under the guise of Fed. R. Civ. P. 59(e) (or Fed. R. Civ. P. 60(b)), it would "sidestep the narrow grounds for obtaining judgment relief under Rules 59 and 60, mak[ing] the finality of judgments an interim concept and risk turning Rules 59 and 60 into nullities." *Mich. Flyer LLC*, 860 F.3d at 431 (internal citation omitted).

Under Fed. R. Civ. P. 60(b), a court may relieve a party from a final judgment based on, among other grounds, "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Relief under Fed. R. Civ. P. 60(b) "is circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (citing *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). As a result, relief under the catch-all provision of Rule 60(b)(6) is only granted in "unusual and extreme situations where principles of equity *mandate* relief." *Id.* (citing *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (emphasis in original)).

Relators fail to cite, let alone argue for, any of the elements for relief under either of these rules. *See generally* Appellants' Brief. In fact, other than the debunked argument above that the District Court should not have granted dismissal with prejudice in the first place, Relators present no argument as to why the Motion to Alter or Amend Judgment should have been granted. *Id.* at 61. Instead, immediately after their perfunctory reference to Rule 59, Relators claim "Rule 15 exists precisely to permit a party to cure pleading deficiencies." *Id.* However, because Relators seek leave to amend after judgment was entered against them, the generally lenient amendment standard of Fed. R. Civ. P. 15 does not apply. *Leisure Caviar,* 616 F.3d at 615 ("when a Rule 15 motion comes after a judgment against the plaintiff, that is a different story."). Instead, "[w]hen a party seeks to amend a complaint after an adverse judgment, it thus must shoulder a heavier burden. Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60." *Id.* at 616.

In such a case, "[a] court acts within its discretion in denying a motion if there is "undue delay […] and ought to pay particular attention to the movant's explanation for failing to seek leave to amend prior to the entry of judgment." *Id.* (cleaned up and internal citations omitted). In short, a "plaintiff cannot use a Rule 59 motion (or for that matter a post-judgment Rule 15 motion) to raise arguments

which could, and should, have been made before judgment issued." *Id.* (internal citation omitted). Ultimately, a "claimant who seeks to amend *after* losing the case must provide a compelling explanation to the district court for granting the motion." *Id.* at 617 (emphasis in original). To do anything else would be to allow plaintiffs (or here, Relators) to "use the court as a sounding board to discover holes in their arguments, then reopen the case by amending their complaint to take account of the court's decision." *Id.* at 616 (internal citations omitted).

Relators provided no such compelling explanation below, and provide no such compelling explanation to this Court now. Instead, they explicitly seek to do exactly what they are not permitted to do—to use the District Court as a sounding board regarding the deficiencies of their claims and to then seek to reopen the case with the Third Amended Complaint that Relators admit includes amendments in an attempt to take account of the District Court's decision. *See e.g.*, Appellants' Brief, at 60 ("The proposed [Third Amended Complaint] addressed the Court's concerns…"). Relators' attempt to do so is improper, and the District Court correctly denied the Motion for to Alter or Amend Judgment.

## IV. The Third Amended Complaint Does Not Fix the Deficiencies That Plagued the Second Amended Complaint

The Third Amended Complaint does not fix any of the deficiencies of the Second Amended Complaint. It still engages in impermissible group pleading and fails to specify what ISO is accused of doing. The only difference in many instances

is that the Third Amended Complaint adds the phrase "and ISO" to existing allegations that had been made against either the Insurer Defendants specifically or "Defendants" generally in the Second Amended Complaint. *Compare* Second Amended Complaint, ¶¶ 4, 171, 173, 205, 239, ECF No. 41, PAGEID # 1018, 1058-59, 1067, 1072 and Third Amended Complaint, ¶¶ 4, 183, 185, 200, 234, ECF No. 110-1, PAGEID # 3068, 3116, 3121, 3128. This does not fix the problem. Relators still do not delineate what it is they are alleging ISO did as compared to what it is they are alleging the Insurer Defendants did. Furthermore, the Third Amended Complaint still repeatedly includes allegations as to "Defendants" without specifying to which Defendants the allegations are intended to apply, and even though these allegations remain factually inapplicable to ISO as a non-insurer. *See, e.g.*, Third Amended Complaint, ¶¶ 231, 273, 274, ECF No. 110-1, PAGEID # 3128, 3138 ("their obligations to pay for reasonable and necessary medical bills"), ("their insureds"), ("its insureds"). These allegations remain inadequate.

The Third Amended Complaint still fails to allege any specific false statement, let alone ISO's knowledge of any specific false statement. In fact, the Third Amended Complaint relies on the same two "exemplars" as does the Second Amended Complaint. *Compare* Second Amended Complaint, ¶¶ 227-235 and Appendix B, ECF No. 41, PAGEID # 1071-72, 1089-90 and Third Amended Complaint, ¶¶ 221-230, Appendix B, ECF No. 110-1, PAGEID # 3127, 3162-63.

The only additional allegation to the first "exemplar" is an allegation that, in addition to the Insurer Defendants purportedly failing to report the claim to CMS, "[l]ikewise, ISO never reported E.A.'s identity and claims to CMS properly, as required by Section 111." Third Amended Complaint, ¶ 228, ECF No. 110-1, PAGEID # 3127. There is still <u>no allegation</u> of exactly what ISO did or did not report or most importantly, <u>that any information was provided to ISO about this claim</u>. *Id.*, ¶¶ 221-230, PAGEID # 3127. Thus, Relators' claim that "Relators possess records of particular claims in ISO's database that should have been reported" is irrelevant— Relators have alleged no such specific claim. Appellants' Brief, at 51. The second "exemplar" states that "Allstate reported to ISO information regarding K.S.'s status and admitted its primary payer status [but] failed to reimburse EHTH's conditional payments." Third Amended Complaint, Appendix B, ¶¶ 12-13, ECF No. 110-1, PAGEID # 3162-63. There is no still allegation of what was reported to ISO, what (if anything) ISO did with the information reported to it, or what (if anything) ISO should have done with the information provided to it. *Id.* The Third Amended Complaint still fails to demonstrate any false statement or ISO's knowledge of any false statement.

Instead, the Third Amended Complaint tries to impute knowledge to ISO by conflating its two distinct service offerings. The Third Amended Complaint claims that "ISO knowingly houses data for thousands of claims that it received from

[Insurance Defendants] which should have been, but were not, reported to CMS."
Third Amended Complaint, ¶ 3, ECF No. 110-1, PAGEID # 3067-68. This allegation
is both conclusory and patently absurd. As the Second Amended Complaint
acknowledged, information is reported to ISO by insurers for inclusion in the ISO
ClaimSearch database, which includes data for more than one billion industrywide
insurance claims. Second Amended Complaint, ¶¶ 56, 58, 190-193, ECF No. 41,
PAGEID # 1032-33, 1064. Relators acknowledged that the dataset in ISO
ClaimSearch (insurance claims generally) is far broader than the much smaller
dataset of Section 111 reporting (insurance claims by Medicare beneficiaries). *Id.*,
¶¶ 190-197, PAGEID # 1064-65 (asserting ISO ClaimSearch data allowed Relators
to identify instances of purported Section 111 non-reporting). Thus, the fact that ISO
housed data in ISO ClaimSearch that was not reported as part of Section 111
reporting is neither surprising nor significant-it is simply comparing apples and
oranges. This does not support a claim that ISO knowingly submitted a false
statement or was aware of any false statement by the Insurer Defendants or anyone
else.

The Third Amended Complaint still lacks specificity, particularity about what
services ISO was allegedly providing on behalf of the Insurer Defendants. It also
includes contradictory allegations regarding the respective roles of ISO and the
Insurer Defendants in Section 111 reporting. For example, the Third Amended

Complaint alleges, in various places, that ISO submitted or should have submitted Section 111 reports, but also that the Insurer Defendants submit Section 111 reports, and that both ISO and the Insurer Defendants submit Section 111 reports. *See, e.g.*, Third Amended Complaint, ¶¶ 63, 117, 197, 228, 234, 244, 303, ECF No. 110-1, PAGEID # 3086, 3100, 3120-21, 3127-28, 3131, 3144-45. The limited allegations concerning what ISO purportedly did lack the required particularity (i.e., who, what, and when) and are instead based on documents from third-party websites. *See, e.g., id.*, ¶ 10, PAGEID # 3070-71; Appellants' Brief, at 51 (claims ISO "instructs" the Insurer Defendants to "delay reporting" based on purported statements on a third-party website).

Finally, the Third Amended Complaint still improperly relies on ISO's cancellation of MSP's contract as the lynchpin of its claims against ISO. The Third Amended Complaint adds allegations regarding MSP's contract with ISO and ISO's termination of that contract. Third Amended Complaint, ¶¶ 7, 244-256, ECF No. 110-1, PAGEID # 3069, 3131-33; Appellants' Brief, at 52. The Third Amended Complaint attempts to cast aspersions regarding the timing of an audit of MSP performed by ISO and ISO's cancellation of its contract with MSP, but, those allegations change nothing. The contract provided ISO the right to cancel the contract for any reason for cause upon 180 days' notice, and the exhibits to the Third Amended Complaint confirm that that is exactly what ISO did. Third Amended

Complaint, Ex. G, ECF No. 110-1, PAGEID # 3315. Given that, and MSP's admitted breaches of the contract as outlined above, which also gave ISO the right to terminate the contract, ISO's cancellation of the contract cannot support any claims against it.

The Third Amended Complaint is not the silver bullet Relators claim. It is just as flawed as the Second Amended Complaint. In addition to the specific deficiencies outlined above, it does not include any factual allegations of, or that would support an inference of, a common plan to violate the FCA, as is required to state such a claim. *See generally* Third Amended Complaint, ECF No. 110-1, PAGEID # 3063-3160. Even if it had been accepted, it would not have saved Relators' claims from dismissal.

## V. The District Court Correctly Determined that Relators' FCA Claims are Barred by Public Disclosure

Because of the differences in the claims and allegations against the Insurance Defendants as compared to ISO, as well as the fact that the Insurance Defendants had moved to dismiss the claims against them before ISO was even joined to the case, the arguments below regarding the public disclosure bar were primarily advanced by the Insurance Defendants. *See generally* Insurer Defendants' Motion to Dismiss Second Amended Complaint, ECF No. 77, PAGEID # 1181-1238. However, ISO did incorporate those arguments into its own Motion to Dismiss. ISO Mot. to Dismiss, ECF No. 89, PAGED # 2678. The District Court adjudicated those arguments in an order resolving the Insurance Defendants' Motion to Dismiss, while

resolving ISO's Motion to Dismiss through a separate order. *See generally* Opinion and Order Granting in Part Motion to Dismiss and Granting in Part Motion for Judicial Notice, ECF No. 102, PAGEID # 2947-2980; Opinion and Order Granting ISO's Mot. to Dismiss, ECF No. 106, PAGEID # 3007-3022. Given this procedural posture, ISO anticipates that the Insurance Defendants will once again present the primary argument as to why the public disclosure bar prohibits Relators' claims and incorporates those arguments herein. To the extent any claims against ISO are not subject to dismissal on other grounds despite the arguments above, the public disclosure bar similarly bars the claims against ISO.

The mere fact that certain prior public disclosures, including but not limited to the *Hayes* and *Takemoto* cases referenced by the District Court, do not involve ISO does not prohibit the public disclosure bar from extending to Relators' claims against ISO in this case. The public disclosure bar does not require that the previously disclosed "industry-wide" allegations specifically identify a particular defendant. *See United States ex rel. Holloway v. Heartland Hospice, Inc.*, 960 F.3d 836, 844 (6th Cir. 2020) (holding that "prior disclosures describ[ing] 'industry-wide abuses and investigations'" could be sufficient to invoke the public disclosure bar against a particular defendant); *In re Natural Gas Royalties Qui Tam Litig.*, 562 F.3d 1032, 1041 (10th Cir. 2009) (public disclosures not naming specific defendants but alleging "large scale" fraud in the oil and gas industry were sufficient to "set the

government squarely upon the trail of the alleged fraud") (internal citation omitted); Ultimately, the public disclosure bar applies if the prior reporting "alerted the government to the industry-wide nature of the fraud and enabled the government to readily identify wrongdoers through an investigation." *U.S. ex rel. Jamison v. McKesson Corp.*, 649 F.3d 322, 329 (5th Cir. 2011) (internal citation omitted). As a result, to the extent the claims against ISO do not fail to state a claim for all the reasons outlined above, the claims are still prohibited by the public disclosure bar.

## CONCLUSION

The District Court correctly dismissed Relators' claims with prejudice and denied their attempt to amend their claims after the entry of judgment against them. The only factual allegations Relators can make against ISO is that ISO validly cancelled a contract with MSP. Relators cannot transform that into any viable claim. The District Court correctly dismissed Relators' Second Amended Complaint and denied their Motion to Alter or Amend Judgment. This Court should affirm the dismissal of Relators' claims with prejudice and the denial of Relators' requests for reconsideration of those rulings.

Respectfully Submitted,


*/s/ Robert C. Folland*
Robert C. Folland (0065728)
BARNES & THORNBURG LLP
41 S. High St. Suite 3300
Columbus, Ohio 43215
Phone: (614)-628-1429
Fax: (614)-628-1433
rob.folland@btlaw.com
*Attorney for Defendant-Appellee*

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(B)-(C) and 6 Cir. R. 32(a), the undersigned certifies that the foregoing Brief of Defendant-Appellee complies with the applicable type-volume limitation set forth in Fed. R. App. P. 32(a)(7)(B).

1. This brief complies with the type-volume limitation because it contains 11,142 words, including footnotes but excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and 6 Cir. R. 32(b)(1).

2. This brief complies with the typeface requirements because it has been prepared in a proportional typeface, Times New Roman, in 14-point font in text and 14-point font in footnotes. This brief was prepared using Microsoft Word.

*/s/ Robert C. Folland*
Robert C. Folland (0065728)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed and served on all parties of record using the Court's CM/ECF system.

<em>/s/ Robert C. Folland</em><br>Robert C. Folland (0065728)

# 6 CIR. RULE 30(g)(1) ADDENDUM[5]

Complaint, ECF No. 1, PAGEID # 1-66

[Insurer] Defendants' Motion to Dismiss First Amended Complaint, ECF No. 28, PAGEID # 691-730

Relators' Unopposed Motion to File a Second Amended Complaint, ECF No. 32, PAGEID # 739-747

Second Amended Complaint, ECF No. 41, PAGEID # 1015-1125

Insurer Defendants' Motion to Dismiss Second Amended Complaint, ECF No. 77. PAGEID # 1181-1238

Summons to ISO, ECF No. 80, PAGEID # 1615-16

Relators' Response to [Insurer] Defendants' Omnibus Motion to Dismiss the Second Amended Complaint, ECF No. 86, PAGE ID # 2052-214

Reply Brief in Further Support of Insurer Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 87, PAGEID # 2636-667

ISO's Motion to Dismiss Second Amended Complaint, ECF No. 89, PAGEID # 2677-2700

Relators' Response to ISO's Motion to Dismiss Second Amended Complaint, ECF No. 93, PAGEID # 2715-2743

Opinion and Order Granting in Part Motion to Dismiss, ECF No. 102, PAGEID # 2947-2980

Relators' Motion for Reconsideration, ECF No. 103, PAGEID # 2981

Order Denying Motion for Reconsideration, ECF No. 104, PAGEID # 3001-3005

---

[5] All documents listed below were filed in the United States District Court, Eastern District of Michigan

Opinion and Order Granting ISO's Motion to Dismiss and Dismissing Case, ECF No. 106, PAGEID # 3007-3022

Judgement, ECF No. 107, PAGEID # 3023

Relators' Motion to Alter or Amend Judgment, ECF No. 110, PAGEID # 3028-3062

Relators' Proposed Third Amended Complaint, ECF No. 110-1, PAGEID # 3063-3160

Opinion and Order Denying Motion to Alter or Amend Judgment, ECF No. 111, PAGEID # 3418-3423

Notice of Appeal, ECF No. 112, PAGEID # 3424-3426