No. 23-1196

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA, *ex rel.*
and STATE OF MICHIGAN, *et al., ex rel.*,

*Plaintiffs*,

MICHAEL ANGELO and MSP WB, LLC,

*Relators-Appellants*,

v.

ALLSTATE INSURANCE COMPANY, *et al.*,

*Defendants-Appellees*.

On Appeal from the United States District Court
for the Eastern District of Michigan, No. 2:19-cv-11615,
Hon. Stephen J. Murphy, III, U.S. District Judge

**MOTION OF THE AMERICAN PROPERTY CASUALTY
INSURANCE ASSOCIATION, THE MARC COALITION,
AND THE DRI CENTER FOR LAW AND PUBLIC POLICY
FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF
IN SUPPORT OF APPELLEES**

| | |
|---|---|
| Timothy H. Lee | David J. Farber |
| KING & SPALDING LLP | *Counsel of Record* |
| 1180 Peachtree Street NE | KING & SPALDING LLP |
| Suite 1600 | 1700 Pennsylvania Avenue NW |
| Atlanta, GA 30309 | Washington, DC 20006 |
| (404) 572-4600 | (202) 737-0500 |
| tlee@kslaw.com | dfarber@kslaw.com |

*Counsel for Amici Curiae*

August 23, 2023

Pursuant to Federal Rule of Appellate Procedure 29(a)(3), proposed *amici curiae* the American Property Casualty Insurance Association, the MARC Coalition, and the DRI Center for Law and Public Policy ("*amici*"), respectfully move this Court for leave to file the accompanying *amicus curiae* brief in support of Appellees. *Amici* are authorized to state that the Appellees have consented to this Motion, but Appellants do not consent.

**ARGUMENT**

First, the proposed *amici* have a strong interest in this appeal because the Court's disposition of the issues presented will profoundly affect their policy goals and the interests of their members. The proposed *amici curiae* are non-profit organizations that advocate for public policy solutions affecting the property-casualty insurance industry, Medicare, and the civil justice system. Collectively, they represent thousands of insurers, individuals, and entities in the Medicare-regulated community, and the American Properly Casualty Insurance Association's members write 63% of all home, auto and business insurance policies issued in the United States.

The scope of the MSP Act and how it relates to the claims at issue in this case is a significant concern to the proposed *amici*. How the Court understands the intersection of the False Claims Act, the Medicare Secondary Payer (MSP) statute, and particularly the question of whether "Section 111" reporting violations can form the basis of a False Claims Act claim will have a profound impact on the ability of insurers to navigate claims and reasonably limit their exposure to costly (and in the view of the proposed *amici curiae*, wholly improper) litigation. This will also directly and indirectly impact significant numbers of consumers and self-insured entities across the country.

Second, the proposed *amici curiae* respectfully submit that their proposed brief will aid the Court in deciding this appeal. Moreover, there is another similar case in the district court below, highlighting the significance of the question before the Court. *See, e.g. U.S. ex rel. MSP WB, LLC v. State Farm Mut. Auto. Ins. Co., et al.*, No. 19-cv-12165-DPH-APP (E.D. Mich.).

The proposed brief addresses several aspects of the MSP Act relevant to this case that have not previously been addressed by this or other Courts. It also provides new information about the relationship

between MSP reporting and actual repayments to the government, demonstrating that a very small percentage of auto insurer reportable cases (such as those at issue in this case) may result in a repayment to the government. The proposed brief addresses and harmonizes the various statutory provisions at issue, sets forth how they were intended to function as an integrated whole, and explains why the District Court's decisions should be affirmed within the legislative, statutory, and regulatory framework. Given the statutes, regulations, and case law at issue, the proposed *amici curiae* submit that their proposed brief will help the Court deciding this appeal.

## CONCLUSION

For the foregoing reasons, the proposed *amici curiae* request that the Court grant this motion and accept the accompanying *amicus* brief for filing.

Respectfully submitted,

*/s/David J. Farber*

| | |
|---|---|
| Timothy H. Lee | David J. Farber |
| KING & SPALDING LLP | *Counsel of Record* |
| 1180 Peachtree Street NE | KING & SPALDING LLP |
| Suite 1600 | 1700 Pennsylvania Avenue NW |
| Atlanta, GA 30309 | Washington, DC 20006 |
| (404) 572-4600 | (202) 737-0500 |
| tlee@kslaw.com | dfarber@kslaw.com |

*Counsel for Amici Curiae*

August 23, 2023

# CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 488 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f).

This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6). This brief has been prepared in a proportionally spaced typeface using Microsoft Word 365 MSO in 14-point Century Schoolbook font.

Date: August 23, 2023

*/s/David J. Farber*
David J. Farber

*Counsel for Amici Curiae*

# CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2023, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/David J. Farber*
David J. Farber

*Counsel for Amici Curiae*